UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEXTER BROCKMAN, on behalf of
himself and similarly situated
employees,

    Plaintiffs,
v.                            Case No. 8:08-cv-1904-T-33TGW

SYNIVERSE TECHNOLOGIES, INC.,

    Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiffs' notice of settlement (Doc. # 17), which was filed on January 5, 2009. The notice states in its entirety: "Plaintiffs, Dexter Brockman, on behalf of himself and similarly situated employees, by and through the undersigned counsel, hereby give notice that the parties have agreed to settle this matter in its entirety." (Doc. # 17).

Because Plaintiff Brockman seeks relief under the Fair Labor Standards Act in his complaint and because other individuals have joined in this suit pursuant to 29 U.S.C. § 216(b), additional information is needed before this Court can dispose of this case.[1]

---

[1] The record contain several "notices of consent to join" (e.g. Doc. ## 4, 13, 15), reflecting that other individuals have joined in this action.

**I.  Background**

Plaintiff Brockman, a support technician, filed his complaint against Defendant, his former employer, on September 24, 2008, (Doc. # 1) alleging, inter alia that Defendant violated the overtime requirements of the Fair Labor Standards Act, 29 U.S.C. § 216(b).  Defendant filed its answer and affirmative defenses on November 10, 2008. (Doc. # 12).  Thereafter, on January 5, 2009, Plaintiffs filed the vague notice of settlement currently before the Court. (Doc. # 17).

**II.  Analysis**

The Eleventh Circuit ruled in Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352 (11th Cir. 1982) that "Congress made the FLSA's terms mandatory; thus, the provisions are not subject to negotiations or bargaining between employers and employees.  FLSA rights cannot be abridged by contract or otherwise waived because this would nullify the purpose of the statute and thwart the legislative policies it was designed to effectuate." (Internal citations omitted).

In Lynn's Food Store, the employer sought judicial approval of private agreements it entered into with its employees to settle FLSA violations.  Pursuant to the settlement agreements, the employees waived their rights to

file FLSA claims in exchange for a small fraction of the back wages that the Department of Labor concluded that the employees were owed. Specifically, the employer offered only $1,000.00 to be divided between fourteen employees. The employees were not represented by counsel, and it was clear that the employees were not fairly compensated. Concerned about the unequal bargaining power between employers and employees, the Eleventh Circuit ruled that the agreements could not be approved absent supervision of the Department of Labor or a stipulated judgment entered by a court which has determined that the settlement is a fair and reasonable resolution of the FLSA claims. (Citations omitted).

Thus, a compromise of an employee's FLSA rights through a settlement of a lawsuit is subject to judicial scrutiny. Id. However, as stated in Su v. Electronic Arts, Inc., 6:05-cv-131-Orl-28JGG, 2007 U.S. Dist. LEXIS 72961 (Aug. 29, 2007 M.D. Fla.), "Where the employer offers the plaintiff full compensation on his FLSA claim, no compromise is involved and judicial approval is not required." (Citing Mackenzie v. Kindred Hosps. E., LLC., 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003)).

The parties have yet to advise this Court of the terms of the settlement of this case, including whether the named

3

Plaintiff and others who have consented to join the action, were fully compensated for their overtime and liquidated damages as specified by the terms of the FLSA. Accordingly, within twenty (20) days of the date of this order, the parties shall file a motion for approval of the settlement of this case consistent with the authorities outlined above.

Accordingly, it is

**ORDERED ADJUDGED and DECREED** that:

The parties are directed to file a motion for court approval of the settlement of this Fair Labor Standards Act case within twenty (20) days of the date of this Order.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>6th</u> day of January, 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record